UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **DEBRA BROOKS** | **CIVIL ACTION NO. 6:22-CV-01844** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **DOLLAR GENERAL CORP ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### REPORT AND RECOMMENDATION

Before the Court is a motion to remand (Rec. Doc. 15) filed by plaintiff, Debra Brooks ("Plaintiff" or "Brooks"). Defendant, DG Louisiana, LLC ("Dollar General") opposes the motion. (Rec. Doc. 17). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636. Considering the evidence, the law, and the arguments of the parties, and for the reasons explained below, the Court recommends that Plaintiff's motion to remand (Rec. Doc. 15) be DENIED.

### Factual Background

This suit originated in Louisiana's Sixteenth Judicial District Court for the Parish of St. Mary. (Rec. Doc. 1-2). Plaintiff filed suit against Dollar General Corporation d/b/a Dollar General, DG Louisiana, LLC (collectively "Dollar General"), Vereit Real Estate, LP ("Vereit"), and Halyna Lessard ("Lessard"). (*Id.*). Plaintiff claims she was injured when she slipped and fell on a spill located on the premises floor. (*Id.* at ¶ III).

Plaintiff is domiciled in St. Mary Parish, Louisiana. (*Id.* at p. 1). DG Louisiana, LLC is a single member limited liability company, whose sole member is Dolgencorp, LLC, which is also a single member LLC, whose sole member is Dollar General Corporation. Dollar General Corporation is incorporated in and has its principal place of business in Tennessee. (Rec. Docs. 1, 7). Vereit is a Delaware limited partnership whose members are Vereit Real Estate GP, LLC, and Vereit Operating Partnership, LP. Vereit Operating Partnership, LP is the sole member of Vereit Real Estate GP, LLC. Vereit and its two members are organized under the law of the State of Delaware. Vereit Operating Partnership, LP has two members: Rams MD Subsidiary I, Inc. and Realty Income LP, both of which are also organized under the law of the State of Maryland. Realty Income LP maintains its principal place of business in California. (Rec. Docs. 1, 14). Lessard is alleged to be domiciled in St. Mary Parish, Louisiana. (Rec. Doc. 1-2 at ¶ I).

Dollar General timely removed Plaintiff's suit to this court on the basis that diversity jurisdiction exists when Lessard's citizenship is disregarded. Dollar General asserts Plaintiff's complaint fails to show a viable cause of action under Louisiana law as to Lessard, the alleged store manager of the Dollar General store at which Plaintiff claims she slipped and fell. (Rec. Doc. 1). Plaintiff filed the instant motion to remand, arguing her state court petition adequately states a claim

against Lessard and, as such, remand is appropriate. (Rec. Doc. 15). The motion is fully briefed and properly before the Court for consideration.

## Law and Analysis

Federal courts are courts of limited jurisdiction. District courts lack power to consider claims unless conferred by the Constitution or statutes. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Federal courts possess subject matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and in which the parties are citizens of different states. 28 U.S.C. §§ 1331, 1332. A suit is presumed to lie beyond the scope of federal court jurisdiction until the party invoking the court's jurisdiction establishes otherwise. *Kokkonen*, 511 U.S. at 377. Similarly, any doubts regarding whether jurisdiction exists must be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). The party invoking federal jurisdiction bears the burden of establishing such jurisdiction exists. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *Gaitor v. Peninsular & Occidental S.S. Co.*, 287 F.2d 252, 253 (5th Cir. 1961). Where, as here, a suit is removed to federal court, the removing party bears the burden of establishing federal jurisdiction. *Shearer v. Southwest Service*

3

*Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005).

The doctrine of improper joinder is a narrow exception to the complete diversity requirement contained in 28 U.S.C. § 1332. *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011); *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005). The removal statutes "entitle a defendant to remove to a federal forum unless an in-state defendant has been 'properly joined.'" 28 U.S.C. § 1446(c); *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

To establish improper joinder, the removing party must either prove fraud in the pleading of jurisdictional facts, or that the plaintiff is unable to establish any viable cause of action against the non-diverse party in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999). In this case, Dollar General alleges no actual fraud. Accordingly, this Court concerns itself with

> whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

The burden of proof that must be borne by a defendant alleging improper joinder is a heavy one. *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir.

4

1983). The court must evaluate the factual allegations in the plaintiff's state court pleadings in the light most favorable to the plaintiff, resolving contested issues of substantive fact in favor of the plaintiff. *Green*, 707 F.2d at 205; *Guillory v. PPG Industries, Inc.*, 434 F.3d 3030, 308 (5th Cir. 2005). The sufficiency of a plaintiff's state court petition for damages is measured using federal pleading standards. *International Energy Ventures Management, LLC v. United Energy Group, Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). Thus, we analyze Plaintiff's state court petition in the same manner as we would if presented with a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). "Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder." *Smallwood*, 385 F.3d at 573.

Under that standard, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of this analysis, the court must separate legal conclusions from well-pleaded facts. *Ashcroft*, 556 U.S. at 678-79. Assuming only well-pleaded facts are true for those purposes, the court must then decide

5

whether such facts "plausibly give rise to an entitlement of relief." *Id.* Should the court determine the plaintiff successfully states even a single viable cause of action against an in-state defendant, the entire case must be remanded to the state court from which it was removed. *Gray ex rel. Rudd v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 412 (5th Cir. 2004); *Green*, 707 F.2d at 208.

Where, as here, a suit is removed to federal district court on the basis of diversity jurisdiction, the court applies substantive state law in the adjudication of state law claims. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938); *LeMeilleur v. Monumental Life Ins. Co.*, 419 Fed. Appx. 451, 453 (5th Cir. 2011). In the instant suit, Plaintiff's claims are made pursuant to Louisiana negligence law.

Louisiana law does not impose liability on an individual store manager in slip-and-fall cases unless four elements are shown: (1) the employer owes a duty of care to the plaintiff; (2) this duty was delegated by the employer to the store manager; (3) the store manager breached this duty through personal fault; and (4) plaintiff's allegations of liability are not premised merely on the manager's general administrative responsibilities. *Anderson v. Georgia Gulf Lake Charles, LLC*, 342 Fed. Appx. 911 (5th Cir. 2009); *Ford v. Elsbury*, 21 F.3d 931, 935-36 (5th Cir. 1994) (adopting Louisiana's *Canter* analysis); *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La. 1973).

As the removing party, Dollar General bears the burden of demonstrating this suit falls within this Court's federal subject matter jurisdiction. Dollar General's notice of removal asks this Court to disregard Lessard's Louisiana domicile for purposes of evaluating jurisdiction pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1 at ¶ 5). Plaintiff's motion to remand challenges Dollar General's basis for removal, asserting the sufficiency of her claims against Lessard. The parties do not dispute Lessard's status as a Louisiana domiciliary. Accordingly, this Court finds the parties are not completely diverse as required for jurisdictional purposes, as Plaintiff is also domiciled in Louisiana. (Rec. Doc. 1-2 at pp. 1-2).

Plaintiff's complaint fails to allege facts which, taken as true for these purposes, state a viable claim against Lessard under Louisiana law. On the contrary, Plaintiff's allegations are wholly conclusory and allege breaches of administrative responsibilities, listing duties such as "maintaining the subject building in a safe condition…taking all precautions such as to avoid this accident…maintaining the property in good working condition…properly training and supervising employees whose responsibility it is to provide a safe place for invitees such as [Plaintiff]…" (Rec. Doc. 1-2 at ¶ VI). The Court's view of Plaintiff's claims against Lessard is further affirmed by comparison to claims asserted against other named defendants. The allegations are identical as to all defendants, except that as to Lessard, Plaintiff alleges Dollar General delegated its duties to this defendant in her role as General

Manager. (Rec. Doc. 1-2 at ¶ VI). As pointed out by Dollar General, Plaintiff fails to allege any facts that, if true, would demonstrate a breach of any duty by Lessard or that Lessard even knew or should have known of the spill. *Triplett v. DG Louisiana, LLC*, 2019 WL 5309968 (E.D. La. 2019) (denying remand where plaintiff failed to allege anything beyond a store manager's breach of administrative duties); *Carter v. Wal-Mart Stores, Inc.*, 2005 WL 1831092 (W.D. La. 2005) (finding dismissal appropriate as to store manager where plaintiff's claims alleged breach of administrative responsibilities); *Brady v. Wal-Mart Stores, Inc.*, 907 F.Supp. 958, 961 (M.D. La. 1995) (denying plaintiff's motion to remand based on finding of no viable claim against store manager); *Dodson v. K-Mart Corp.*, 891 So.2d 789 (La. App. 3 Cir. 2004) (no basis for liability finding against store manager since his role on the date in question was alleged to be purely administrative and no allegation was made of his personal involvement with the accident at issue). Considering these findings, this Court concludes defendant Lessard was improperly joined and her Louisiana domicile should be disregarded for purposes of diversity jurisdiction under 28 U.S.C. §1332. Extracting Lessard from the pool of defendants results in complete diversity among the parties, since no named defendant is then a domiciliary of the same state as Plaintiff. Moreover, the Court is satisfied that the amount in controversy meets the threshold required by §1332, as evidenced by the stipulation of the Plaintiff in that regard. (Rec. Doc. 1-3).

## Conclusion

For the reasons discussed herein, the Court recommends Plaintiff's motion for remand be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this ___9th___ day of September, 2022.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE